# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CARL K. THOMPSON,

        Plaintiff,

    v.

JUDGE BETHANY HARBISON and
ERIC A. RINGSMUTH,

        Defendants.

Case No. 3:23-cv-00177-SLG

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On August 3, 2023, self-represented prisoner Carl K. Thompson ("Plaintiff") filed a civil complaint, a civil cover sheet, and over 650 pages of documents.[1] On August 16, 2023, Plaintiff paid the filing fee.[2] Plaintiff names Alaska Court of Appeals Judge Bethany Harbison and Assistant Attorney General Eric A. Ringsmuth as Defendants.[3] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

---

[1] Dockets 1-2.

[2] Docket Text 8/16/2023: Filing fee: $402, receipt number 100020465.

[3] Docket 1.

officer or employee of a governmental entity, even if the filing fee has been paid.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

During screening, a court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[8] However, a court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9]

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *See Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 2 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 2 of 11

**DISCUSSION**

In 1986, following a jury trial, Mr. Thompson was convicted of first-degree murder and tampering with physical evidence after he killed his former wife and disposed of her body.[10] The Alaska Court of Appeals affirmed his convictions on January 20, 1989.[11] Mr. Thompson has subsequently filed numerous collateral attacks on his convictions in both state and federal court. The Court takes judicial notice[12] of the underlying criminal conviction in *State of Alaska vs. Thompson*, Case No. 4FA-86-02644CR, his subsequent state court appeals, and post-conviction relief proceedings.[13]

The Court also takes judicial notice of *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG. In that case, Mr. Thompson filed a civil complaint in federal court for injunctive and declaratory relief against three judges for the Alaska Court of Appeals for actions performed in their official capacities in *Thompson v. State of Alaska,* Court of Appeals Case No. A-13634, the appeal of *Thompson v. State,*

---

[10] *State v. Thompson,* Case No. 4FA-86-02644CR, Docket 09/15/1986 ("Judgment of Conviction. Case Closed.").

[11] *Thompson v. State,* Case No. A-2183, 768 P.2d 127, 128-29 (Alaska App. 1989).

[12] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also* Fed. R. Evid. 201; *see also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[13] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 3 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 3 of 11

Case No. 4FA-18-02504CI.[14] On July 15, 2022, the Magistrate Judge recommended *Thompson v. Allard, et al.,* be dismissed with prejudice after finding amendment would be futile because the defendants were immune from suit.[15] Mr. Thompson filed four objections to the Report and Recommendation. Specifically, he objected to the magistrate judge's finding that: (1) the named defendants, three state court appellate judges, have judicial immunity; (2) the action was barred by the *Rooker-Feldman* doctrine; and (3) granting leave to amend would be futile. Mr. Thompson also objected to the Magistrate Judge's recommendation that the dismissal be with prejudice.[16] On September 6, 2022, the Court considered Mr. Thompson's objections, found each to be without merit, and dismissed the action with prejudice for failing to state a claim upon which relief may be granted and futility of amendment.[17] On October 20, 2022, the Court denied Mr. Thompson's motion to set aside the judgment, reopen the action, and file an amended complaint.[18] Mr. Thompson appealed to the Ninth Circuit.[19] Although his appeal was pending when this action was initiated, the Ninth Circuit has since affirmed the Court's dismissal as a "forbidden de facto appeal of a prior state judgment."[20] The

---

[14] *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 5.

[15] Docket 1 at 14.

[16] *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 6.

[17] *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 7 at 4.

[18] *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 11.

[19] *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Dockets 12-14.

[20] *See Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 15 at 2.

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 4 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 4 of 11

Court also notes Plaintiff filed several unsuccessful challenges to the same Court of Appeals decision in state court.[21]

Now, Mr. Thompson seeks to bring another "de facto appeal of a prior state judgment" regarding another unsuccessful attempt to challenge his conviction through state court post-conviction relief proceedings. On January 30, 2019, Mr. Thompson filed an application for post-conviction DNA testing of physical evidence.[22] The Alaska Superior Court dismissed his application, and the Alaska Court of Appeals affirmed the dismissal on October 26, 2022.[23] Mr. Thompson filed a petition for hearing with the Alaska Supreme Court on November 18, 2022, then a *Motion of a Fraud Committed Upon the Court* with that court on April 24, 2023.[24] On June 19, 2023, the Alaska Supreme Court denied Mr. Thompson's "fraud motion" and closed the case.[25]

In this case, Mr. Thompson claims Defendants "with the aid of others at the Alaska Appellate Courts, and Department of Law, tampered with" evidence, interfered with his ability to assert his actual innocence and otherwise conspired to violate his rights.[26] Mr. Thompson again names a state court appellate judge, and

---

[21] *See Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 1 (petition for rehearing with Alaska Appellate Court denied on August 6, 2021; petition for hearing with Alaska Supreme Court denied on October 19, 2021; petition for writ of cert SCOTUS declined on February 22, 2022.).

[22] *Thompson v. State,* Case No. 4FA-19-01380CI.

[23] Docket 1-1; *Thompson v. Alaska,* Court of Appeals No. A-13656, Order No. 7030.

[24] *Thompson v. State*, Supreme Court Case No. S-18575.

[25] *Thompson v. State,* Case No. S18575, Docket 17 (Order); Docket 18 ("Disposition Order").

[26] Docket 1 at 12-13.

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 5 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 5 of 11

he also names the Assistant Attorney General who represented the State throughout the state court proceedings. Although Mr. Thompson now names different Defendants, the Court must dismiss the instant action with prejudice and without leave to amend for the same reasons it dismissed *Thompson v. Allard, et al.*:

(1) Defendants are immune from suit;

(2) this action is barred by the *Rooker-Feldman* doctrine; and

(3) amendment would be futile because no other facts or defendants could be substituted to state a plausible claim for relief.

**1. Defendants are Immune from Suit**

The Eleventh Amendment shields the State of Alaska and its employees from suit.[27] As the Court has previously explained, a state judge is absolutely immune from civil liability for acts performed in her judicial capacity.[28] Similarly, state prosecutors have absolute prosecutorial immunity for acts that are "intimately associated with the judicial phase of the litigation."[29]

Mr. Thompson argues Judge Harbison has no judicial immunity because she allegedly broke several laws during Mr. Thompson's post-conviction

---

[27] *See, e.g., Ass'n des Eleveurs de Canards et d'Oies du Quebec* ("*Quebec*") *v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("Plaintiffs are plainly barred by the Eleventh Amendment from suing the State in federal court.").

[28] *Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 7 at 3.

[29] *Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir. 1991); *see also Liao v. Ashcroft,* 2009 WL 1371691, at *4 (N.D. Cal. 2009) (absolute prosecutorial immunity applies to deputy attorney general's "official conduct in [defending] the government in a prior state court action").

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 6 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 6 of 11

proceedings and her "actions were taken in complete absence of all jurisdiction."[30] Likewise, Mr. Thompson claims Attorney Ringsmuth "lost executive immunity" when he broke laws during the litigation of Mr. Thompson's habeas case in state Supreme Court.[31] Mr. Thompson also attempts to distinguish this case from *Thompson v. Allard, et al.,* because here he seeks monetary damages.[32]

However, Mr. Thompson's Complaint demonstrates the challenged actions of Judge Harbison and Attorney Ringsmuth are undoubtedly within the scope of their professional capacities.[33] Specifically, Mr. Thompson challenges the contents of the Alaska Court of Appeal's Memorandum Opinion No. 7030 on October 26, 2023, authored by Judge Harbison[34] and the briefs Attorney Ringsmuth authored on behalf of the State in Alaska Supreme Court Case No. S-18575.[35] He also claims they tampered with records and "conspired" to deny him due process.[36] Whether Mr. Thompson is seeking monetary damages, an injunction, or declaratory relief, Defendants are protected by absolute immunity. Additionally, Mr. Thompson cannot maintain claims for relief based on alleged violations for criminal

---

[30] Docket 1 at 2.

[31] Docket 1 at 2.

[32] Docket 1 at 14-15.

[33] Docket 1 at 5.

[34] Dockets 1 at 5-6, 1-1. *See also Thompson v. Alaska,* Court of Appeals No. A-13656, Order No. 7030.

[35] Docket 1 at 5-6. *See also* Docket 1-3 (Response to the Petition for Hearing); Docket 1-6 ("Response to Thompson's Motion filed April 24, 2023").

[36] Docket 1 at 8.

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 7 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 7 of 11

statutes.[37] In any event, judicial immunity cannot be overcome, even by allegations of bad faith or malice.[38] Likewise, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.[39]

Therefore, Mr. Thompson's claims against Judge Harbison must be dismissed as protected by absolute judicial immunity and his claims against Attorney Ringsmuth must be dismissed due to absolute prosecutorial immunity.

### 2. Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine

As in *Thompson v. Allard, et al.,* the Court finds that the *Rooker-Feldman* doctrine serves as an independent basis for dismissal of Mr. Thompson's case. Federal district courts lack jurisdiction to exercise appellate review over final state court judgments.[40] The *Rooker-Feldman* doctrine prohibits federal district courts from reviewing claims brought by litigants who have lost in state court and allege injuries caused by the state court.[41] Mr. Thompson's citations and arguments otherwise are inapposite, and the Court declines to engage in further analysis. *See*

---

[37] *See Malberg v. Cashen*, No. 22-cv-01788-BLF, 2022 WL 4544729, at *3 (N.D. Cal. Sept. 28, 2022) (collecting cases), *aff'd*, No. 22-16703, 2023 WL 4418598 (9th Cir. 2023).

[38] *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray,* 386 U.S. 547, 554 (1967)).

[39] *See Stevens v. Rifkin,* 608 F. Supp. 710, 728 (N.D. Cal. 1984).

[40] *Henrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir. 2007) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482– 86 (1983)

[41] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 8 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 8 of 11

*Noel v. Hall,* 341 F.3d 1148,1163 (9th Cir. 2003) (discussing the *Rooker-Feldman* doctrine).

### 3. Amendment is Futile

When a court dismisses a complaint, as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[42] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[43] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[44] Further, courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[45]

While a court may act with leniency towards a self-represented litigant for procedural violations, all litigants are expected to review and comply with the

---

[42] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[43] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). *See also Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

[44] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

[45] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 9 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 9 of 11

Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[46] "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."[47]

In addition to the cases discussed above, Mr. Thompson filed a petition to re-open his criminal case in 2008 and a motion for reconsideration in 2009 in his underlying criminal case.[48] Mr. Thompson has also filed unsuccessful collateral attacks on his underlying conviction, asked for reconsideration, and appealed the decisions of the state and federal trial courts.[49] Mr. Thompson's various theories of fraud, ineffective assistance of counsel, newly discovered evidence, and actual/factual innocence have been addressed and rejected by the courts.[50] In this case, no other facts or defendants could be substituted to state a plausible claim for relief. Therefore, this action must be dismissed with prejudice and without leave

---

[46] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[47] *In re McDonald,* 489 U.S. 180, 184 (1989) *(per curiam).*

[48] *State v. Thompson,* Case No. 4FA-86-02644CR, Docket 09/29/2008 (Petition to Reopen the Case); Docket 4/28/2009 ("Motion for Reconsideration").

[49] *See e.g., Thompson v. Allard, et al.,* Case No. 3:22-cv-00075-SLG, Docket 1 (petition for rehearing with Alaska Appellate Court denied on August 6, 2021; petition for hearing with Alaska Supreme Court denied on October 19, 2021; petition for writ of cert SCOTUS declined on February 22, 2022).

[50] *Thompson v. Keohane*, Case No. 97-35309, 145 F.3d 1341 (9th Cir. 1998) (affirming the district court's denial of Mr. Thompson's § 2254 petition).

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 10 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 10 of 11

amend. When a federal district court dismisses a prisoner's action at screening, a prisoner plaintiff must be given a strike.[51]

**IT IS THEREFORE ORDERED**:

1. This action is **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted and futility of amendment.

2. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).[52]

3. **After three strikes**, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[53]

4. All pending motions are **DENIED AS MOOT.**

5. The Clerk of Court shall issue a final judgment and terminate this action.

DATED this 21st day of November, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[51] 28 U.S.C. § 1915(g).

[52] 28 U.S.C. § 1915(g) requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."

[53] *Id. See also Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception).

Case No. 3:23-cv-00177-SLG, *Thompson v. Harbison, et al.*
Order of Dismissal & Notice of Strike
Page 11 of 11
Case 3:23-cv-00177-SLG   Document 4   Filed 11/21/23   Page 11 of 11